WILLIAM BARRINGER *vs.* SAMUEL B. KING.

A duly certified copy of the record of a judgment rendered in another state against an inhabitant of this commonwealth, which contains a summons to the defendant, and an officer's return thereon that he had served it on the defendant in that state, will support an action in this state on the judgment, even if the defendant produces another duly certified copy of the record, which contains no summons or return.

In an action on a judgment rendered in another state, interest is to be allowed according to the rate in this state, by way of damages.

ACTION OF CONTRACT upon a judgment rendered by the supreme court for the county of Schenectady and State of New York, in an action brought on a debt due from the defendant to the plaintiff. Answer, that the defendant, at the time when said judgment purports to have been rendered, and for many years previously, was, and still is, an inhabitant of Massachusetts, residing at Taunton ; that he never appeared, either in person or by attorney, before said court ; and that no legal notice of that action was ever served upon him ; and so said court has no jurisdiction of the defendant. Trial in this court before *Dewey*, J., who reserved the question, whether this action could be maintained, for the consideration of the full court, upon the following report :

The plaintiff gave in evidence a copy of the judgment declared on, duly certified, which, among other things, contained

an answer signed " James Fuller, defendant's attorney," a sum-mons issued to the defendant, and a return thereon of Lorenzo Vibbard, as deputy sheriff, that he had made personal service thereof on the defendant at Saratoga Springs in said county, by delivering to him a copy.

The defendant contended that the record in this case had been materially altered in a substantial particular, and offered an attested copy of the judgment roll, also duly certified, which differed from the plaintiff's copy, in containing no summons to the defendant, and no return of service upon him. The defend-ant also called a witness, who testified that he was at Schenec-tady at the date of the copy produced by the defendant, and saw the original papers in the case, and that the copy produced by the defendant was a copy of all the papers then in the case. The defendant also put into the case the deposition of James Fuller, (taken by the plaintiff,) in which he testified that he was an attorney and counsellor at Schenectady, and was retained in said action by Henry Fuller to appear on behalf of the defend-ant, and did so appear, but had never seen, nor had any written communication with King.

Henry Fuller, being called by the plaintiff, testified that he received from King a summons, and was verbally employed by him to attend to the case, and retained James Fuller; and that it was not the practice in New York to return the sum-mons and officer's return in any case where there was an ap-pearance. Lorenzo Vibbard testified that he was a deputy sheriff at Saratoga Springs, and there served a summons in that action upon the defendant; and identified a paper shown him, as the original summons and return. The defendant objected to the testimony of both these witnesses as incompetent.

*B. Sanford*, for the plaintiff.

*C. I. Reed*, for the defendant.

DEWEY, J. The decision of the present case seems to raise no new questions as to the effect our courts are bound to give to a judgment of a sister state, duly rendered and duly authen-ticated. Under the decisions of *Bissell* v. *Briggs*, 9 Mass. 468, *Hall* v. *Williams*, 6 Pick. 247, and *Gleason* v. *Dodd*, 4 Met. 340,

Barringer *v.* King.

if full effect be given to the record of the judgment and of the anterior proceedings, that is offered and relied upon by the plain-tiff, the court had jurisdiction of the case and the parties, and they were bound by the judgment rendered thereon.

The only point that arises is upon the supposed variance between the certified copy produced by the plaintiff, and another certified copy of the record in the case, produced by the defend-ant. The variance between them is, in one respect, of great importance. The copy of record produced by the defendant contains nothing to show an actual service in the action within the State of New York upon the defendant, then being found there ; and if this was the full record, the court of New York would not have acquired jurisdiction of the person of the de-fendant, he having his domicil in Massachusetts. How far this would have been cured by the allegation in the record, of the appearance of the defendant by his attorney, James Fuller, thus giving jurisdiction by the voluntary appearance of the party by his attorney ; and whether, upon the facts proved or admitted by the parties, the defendant is bound at all by any acts of an attorney appearing by substitution, made by one who was em-ployed as his attorney, but without his knowledge or assent, previous or subsequent, would require the consideration of the court, if it were necessary to decide those questions.

But if the copy of the record introduced by the plaintiff is to be taken to be a true and perfect record of the proceedings in New York, and is entitled to full faith and credit as such, it is unnecessary to consider those questions. And the court are of opinion that this latter record is to be taken to be true and cor-rect. It is not contradictory of the other, but more full, and supplies an omission in the other. In such case, we must take it as the more full and extended record. *Commonwealth* v. *M'Neill*, 19 Pick. 139.

We do not suppose the parol evidence put into the case by the plaintiff, as corroborating the matters exclusively contained in the more full record, can add any strength to the record. All that is material to enable the plaintiff to maintain his action must be proved by the record. The only bearing this parol

evidence can have is to rebut any alleged fraud on the part of any body, and to explain how it has happened that the two copies of this record are found to vary.

>*Judgment for the plaintiff, with six per cent. interest from the date of the New York judgment.*

*Sanford* claimed interest at seven per cent., being the rate in New York.

SHAW, C. J.   No.   This is not interest, but damages; and the rule of damages is that of the court where the action is brought.